[No. 12022. Department Two. — November 29, 1887.]

IN THE MATTER OF THE ESTATE OF JAMES CROZIER, DECEASED. JANE CROZIER, APPELLANT, *v.* WILLIAM C. DAGGETT, RESPONDENT.

NEW TRIAL — ORDER GRANTING — ERRORS COMMITTED ON TRIAL — APPEAL. — An order granting a new trial on the ground of errors which occurred during the trial will not be reversed on appeal, if it appears that any errors prejudicial to the respondent were committed on the trial.

ID. — REVOCATION OF PROBATE — EVIDENCE — GREAT REGISTER OF COUNTY. — In a proceeding for the revocation of the probate of a will, on the ground that at the time of its execution the testator was of unsound mind, the admission in evidence on behalf of the contestant of a part of the great register of the county, for the purpose of showing that the testator was not of the age as stated in the will, is a prejudicial error warranting a new trial.

APPEAL from an order of the Superior Court of San Joaquin County granting a new trial.

The facts are stated in the opinion.

*James A. Loutitt, S. D. Woods,* and *A. L. Levinsky,* for Appellant.

*Campbell & Muenter, W. L. Dudley,* and *Byers & Elliott,* for Respondent.

BELCHER, C. J. — James Crozier died on the seventh day of November, 1881, in the city of Stockton. He left a will, made the day before his death, in which the respondent, William C. Daggett, was named as sole legatee and executor. The will was admitted to probate, and in due time Jane Crozier, the mother of decedent, commenced this proceeding to have the probate of the will revoked, upon the ground that at the time of its execution the decedent was of unsound mind. The case was tried before a jury, and the findings upon the special issues submitted were in favor of the contestant. The

respondent then moved for a new trial, upon the ground that the evidence did not justify the verdict, and for errors in law occurring at the trial and excepted to by him. After argument, the court granted the motion, as appears from the record, "on the ground of errors which occurred during the trial, and not for insufficiency of or conflict in the evidence"; and the appeal is from that order.

It does not appear what the supposed errors were which induced the court to grant the new trial, nor is it important that we should know. If any errors prejudicial to the respondent were committed, the order appealed from cannot be reversed by this court. (*Thompson* v. *Felton*, 54 Cal. 554; *McCarthy* v. *Loupe*, 62 Cal. 300.)

Counsel for both sides have presented very elaborate briefs, in which the testimony is reviewed, and the numerous rulings of the court are discussed. It is unnecessary to speak of many of these rulings. Most of them were undoubtedly correct; but we cannot say that of all of them. For example: In the will, the age of the testator is stated to be sixty-five years. Cutting, who drew the will, testified that Crozier told him that was his age, but did not tell him when he was born. Without objection, the respondent introduced in evidence a copy of the great register of San Joaquin County, which showed the age of Crozier to have been sixty-three on the twelfth day of April, 1879, the date of his registration. In rebuttal, the contestant offered in evidence a part of the great register of the same county, which reads as follows: "1,165, Crozier, James; age, fifty-two; country of nativity, Scotland; occupation, gardener; local residence, O'Neil; proved fifteen years' residence, and loss of certificate; date of registration, February 14, 1867; sworn register number, 3,232." This offer was objected to by the respondent, on the ground that the offered evidence was immaterial and irrelevant, and not

in rebuttal; but the objection was overruled, and the evidence admitted.

We think this ruling erroneous. The evident purpose of introducing the evidence was to throw doubt on the validity of the will; and so far as we can see, it may have had its desired effect. There was no evidence to show when Crozier was born; but the argument in support of the ruling is, in substance, that he must have known and sworn to his age when he was registered in 1867; that as he is shown by the entry to have been fifty-two years old then, he must have been about sixty-seven years old when he died; and that as he stated his age to be sixty-five, and not sixty-seven, when he made his will on the day before he died, that fact tended to show weakness or unsoundness of mind, and was rightly submitted to the jury, " so that they might properly determine whether at that time he had mental capacity sufficient to dispose of his property, remember the claims of those dependent upon him, and the nature of the business he was then transacting." The argument is evidently unsound, both in its logic and law. Crozier may have made an affidavit showing his age, and the other facts entitling him to registration; but he did not make the entries upon the register, and may never have seen them. They were therefore irrelevant, and in our opinion wholly inadmissible for any purpose.

But it is said that the error, assuming that the ruling was erroneous, was an immaterial one, and a new trial should not have been granted on account of it. The rule is, that every error is presumed to work injury to the party against whom it is committed, unless it clearly appears that no injury could have resulted. Here we cannot say that the respondent was not prejudiced by the erroneously admitted evidence.

There were several other rulings upon the admission of evidence, and particularly upon the admission of cer-

tain testimony of the experts, the correctness of which was doubtful; but we do not think it necessary to speak of them particularly.

It follows that the order appealed from should be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.

Hearing in Bank denied.